## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
**CHARLES D. AUSTIN**
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
**BALTIMORE, MARYLAND 21201**
**(410) 962-7810**
**MDD_CDAChambers@mdd.uscourts.gov**

September 29, 2025

LETTER TO ALL COUNSEL OF RECORD

Re:     *Michelle M. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
        Civil No. 24-1959-CDA

Dear Counsel:

On July 8, 2024, Plaintiff Michelle M. ("Plaintiff") petitioned the Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2025). I have considered the record in this case (ECF 8) and the parties' briefs (ECFs 11-13). I find that no hearing is necessary. *See* Loc. R. 105.6. The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will AFFIRM the Commissioner's decision. This letter explains why.

## I.    PROCEDURAL BACKGROUND

On August 25, 2020, Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") and a Title XVI application for Supplemental Security Income ("SSI") benefits, alleging a disability onset date of May 23, 2020. Tr. 286-98. Plaintiff's claims were denied initially and on reconsideration. *Id.* at 199-206, 208-14. An Administrative Law Judge ("ALJ") held a hearing on October 17, 2023. *Id.* at 42-85. Following the hearing, on January 30, 2024, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. *Id.* at 14-41. On May 21, 2024, the Appeals Council denied Plaintiff's request for review, *id.* at 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

---

[1] Plaintiff filed this case against Martin O'Malley, the Acting Commissioner of Social Security, on July 8, 2024. ECF 1. Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

*Michelle M. v. Bisignano*
Civil No. 24-1959-CDA
September 29, 2025
Page 2

## II.    <u>THE ALJ'S DECISION</u>

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since May 23, 2020, the alleged onset date." Tr. 20. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "a personality disorder, an affective disorder/bipolar disorder, an anxiety disorder, obesity, and left knee patellofemoral syndrome." *Id.* The ALJ also determined that Plaintiff suffered from the non-severe impairments of "osteopenia, hepatomegaly, hypertension, psoriasis of the scalp, migraine headaches, Vitamin D deficiency, a thyroid nodule, and/or elevated cholesterol." *Id.* at 21. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." *Id.* at 22. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform medium work as defined in [20 C.F.R. §§ 404.1567(c), 416.967(c)] except: [Plaintiff] can lift, carry, and push and pull 50 pounds occasionally and 25 pounds frequently, sit for 6 hours in an 8-hour workday, and stand and walk for 6 hours in an 8-hour workday. [Plaintiff] can occasionally climb ropes, ladders, and scaffolds, frequently climb ramps and stairs, and frequently balance, stoop, kneel, crouch, and crawl. [Plaintiff] can only occasionally be exposed to moving mechanical parts and unprotected heights. [Plaintiff] is limited to the performance of simple, routine tasks. [Plaintiff] can only occasionally interact with supervisors, co-workers, or the public. [Plaintiff] can occasionally adjust to changes in the workplace settings.

*Id.* at 24-25. The ALJ found Plaintiff could not perform her previous work as a Paralegal (DOT[3]

---

[3] The "DOT" is the Dictionary of Occupational Titles. "The *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

*Michelle M. v. Bisignano*
Civil No. 24-1959-CDA
September 29, 2025
Page 3

#119.267-026) but can perform other jobs that exist in significant numbers in the national economy. *Id.* at 34-35. Therefore, the ALJ concluded that Plaintiff was not disabled between May 23, 2020 and the decision date, January 30, 2024. *Id.* at 36.

## III.    LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

## IV.    ANALYSIS

Plaintiff argues that the RFC lacks the support of substantial evidence because the ALJ failed to sufficiently address her moderate concentration, persistence, and pace ("CPP") limitation. ECF 11, at 9-17. Plaintiff also contends that the ALJ improperly discounted her subjective complaints. *Id.* at 20-28. Defendant counters that the RFC is supported by substantial evidence because the ALJ included a limitation to "simple, routine tasks" and adequately considered Plaintiff's subjective complaints. ECF 12, at 6-20. The Court agrees with the Defendant.

*A. The ALJ sufficiently addressed Plaintiff's moderate CPP limitation.*

When a claimant possesses a mental impairment, an ALJ is required to make "'a specific finding as to the degree of limitation in each of' the four areas of functional limitation listed in [20 C.F.R.] § 404.1520a(c)(3)." *Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 659 (4th Cir. 2017) (quoting 20 C.F.R. § 404.1520a(e)(4)). One of these four areas, CPP, concerns "the abilit[y] to focus attention on activities and stay on task age-appropriately." 20 C.F.R. pt. 404, subpt. P, app. 1 § 12.00(E)(3). A "moderate" limitation in CPP means that a claimant's ability to sustain CPP "independently, appropriately, effectively, and on a sustained basis is fair." *Id.* at § 12.00(F)(2)(c).

Specific to a limitation in the functional area of CPP, an ALJ must then expressly account for such limitation, or explain why no limitation exists, in the function-by-function analysis. *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015); *Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020). An ALJ may not account for a claimant's moderate CPP limitations by restricting the RFC to simple, routine tasks or unskilled work without explaining why such provisions adequately

*Michelle M. v. Bisignano*
Civil No. 24-1959-CDA
September 29, 2025
Page 4

address the claimant's CPP limitations. *See Mascio*, 780 F.3d at 638; *Shinaberry*, 952 F.3d at 121-22. In other words, where an ALJ includes a simple, routine tasks or unskilled work limitation to account for moderate CPP limitations, "remand is required unless the ALJ explained how [the claimant] could maintain CPP while performing work involving only 'simple, routine tasks[.]'" *Everlena G. v. Kijakazi*, No. 20-784-DLB, 2021 WL 3912277, at *2 (D. Md. Sept. 1, 2021); *accord Terri S. v. Kijakazi*, No. 19-3607-DLB, 2021 WL 5395960, at *2 (D. Md. Nov. 18, 2021) ("[A]n ALJ may account for a moderate CPP limitation with an RFC determination that a claimant can complete simple, routine tasks provided the conclusion is supported by substantial evidence." (citations omitted)).

"*Mascio* does not broadly dictate that a claimant's moderate impairment in [CPP] always translates into a limitation in the RFC." *Jones v. Colvin*, No. 14-0273, 2015 WL 5056784, at *10 (W.D. Va. Aug. 20, 2015). Instead, the ALJ must, after reviewing the evidence, explain their decision, including any conclusion that a claimant can perform work notwithstanding any CPP limitations. *Erika P. v. O'Malley*, No. 23-0924-CDA, 2024 WL 1971729, at *3 (D. Md. May 2, 2024) (citing *Jones*, 2015 WL 5056784, at *10); *see also Shinaberry*, 952 F.3d at 121 ("[W]hen medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in [CPP] courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations." (internal quotation marks and citation omitted)). Moreover, an ALJ may accommodate a claimant's moderate CPP limitations by assigning persuasive value to a medical opinion that "provide[s] substantial support for" the ALJ's CPP-related RFC provisions. *Sizemore v. Berryhill*, 878 F.3d 72, 81 (4th Cir. 2017).

The Court finds that ALJ's review and explanation is adequate regarding Plaintiff's ability to engage in simple, routine tasks despite her moderate CPP limitations. The ALJ first found that Plaintiff had a moderate CPP limitation. Tr. 23-24. The ALJ then conducted a thorough evaluation of her treatment records, subjective complaints, and medical opinions. *See id.* at 29-33. The ALJ noted numerous instances between July 2019 and September 2023 where treating physicians reported that Plaintiff had normal concentration and attention, no distractibility, and could carry out simple instructions in a routine work setting. *See id.* at 29-30. The ALJ further noted Plaintiff's conservative treatment and reports of improvement. *See id.* In light of this evidence, the ALJ explained in detail how the medical evidence supported the "simple, routine tasks" limitation in the RFC. *Id.* at 31-32. After finding them highly persuasive, the ALJ also adopted the prior 2020 findings' limitation to "simple work" but omitted its prohibition of "fast pace or strict production quotas" because the adopted RFC needed "to reflect the . . . current degree [of] mental limitations." *Id.* at 32. Finally, the ALJ stated: "Upon consideration of [Plaintiff]'s allegations, the medical evidence, the medical opinions, and the other evidence of record, the undersigned finds that the above [RFC] fully accounts for the limitations caused by [Plaintiff]'s . . . mental impairments." *Id.* at 34. The ALJ here sufficiently addressed Plaintiff's moderate CPP limitation. Remand is therefore unwarranted on this ground.

*Michelle M. v. Bisignano*
Civil No. 24-1959-CDA
September 29, 2025
Page 5

      B.   *The ALJ adequately considered Plaintiff's subjective complaints regarding her mental impairments.*

      Contrary to her second argument, the ALJ adequately considered Plaintiff's subjective complaints. When evaluating a claimant's subjective complaints, ALJs use the two-step analytical framework set forth at 20 C.F.R. § 404.1529 and described in SSR 16-3p. *See Oakes v. Kijakazi*, 70 F.4th 207, 215 (4th Cir. 2023) (citing *Arakas v. Comm'r, Soc. Sec. Admin*., 983 F.3d 83, 95 (4th Cir. 2020)). At the first step of the process, the ALJ determines whether a "medically determinable impairment" exists that could "reasonably be expected to produce the claimant's alleged symptoms."[4] *Ibid.* If such an impairment exists, the ALJ must "proceed to step two . . . even though the level of pain an individual alleges may seem out of proportion with the objective medical evidence."[5] SSR 16-3p, 2017 WL 5180304, at *3 (Oct. 25, 2017).

      At the second step, the ALJ assesses "'the intensity and persistence of the alleged symptoms to determine how they affect the claimant's ability to work and whether the claimant is disabled.'" *Oakes*, 70 F.4th at 215 (quoting *Arakas*, 983 F.3d at 95). Because "disability benefits can be awarded on the sole basis of an objective impairment and derivative subjective pain," a claimant may "rely exclusively on subjective evidence" at the second step. *Id.* (citing *Arakas*, 983 F.3d at 95). Thus, "an ALJ applies the incorrect legal standard in discrediting complaints 'based on [a] lack of objective evidence corroborating them.'" *Id.* (quoting *Arakas*, 983 F.3d at 96) (brackets in original); *accord* SSR 16-3p, 2017 WL 5180304, at *5 ("[W]e will not disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms alleged by the individual.").

      While an ALJ may not dismiss subjective complaints "based *entirely* upon the belief that they were not corroborated by the record's medical evidence," the ALJ must still "ascertain the extent of the claimant's alleged functional limitations and restrictions due to their pain or symptoms that could be reasonably accepted as consistent with the medical signs, laboratory findings, and other evidence, in discovering how these symptoms impact the claimant's ability to work." *Shelley C.*, 61 F.4th at 360 (citing *Craig*, 76 F.3d at 594) (italics in original). In this respect, SSR 16-3p recognizes that "objective medical evidence is a useful indicator to help make reasonable conclusions about the intensity and persistence of symptoms[.]" 2017 WL 5180304, at *5. Therefore, an ALJ "must consider whether an individual's statements about the intensity, persistence, and limiting effects of [their] symptoms are consistent with the medical signs and laboratory findings of record." *Id.* To do so, an ALJ considers "all of the evidence" in a claimant's record. *Id.* at *2, *7.

---

[4] A "symptom" is a claimant's "own description or statement of [their] physical or mental impairment(s)." SSR 16-3p, 2017 WL 5180304, at *2 (Oct. 25, 2017).

[5] "Objective medical evidence is evidence obtained from the application of medically acceptable clinical and laboratory diagnostic techniques, such as evidence of reduced joint motion, muscle spasm, sensory deficit or motor disruption." 20 C.F.R. § 404.1529(c)(2).

*Michelle M. v. Bisignano*
Civil No. 24-1959-CDA
September 29, 2025
Page 6

At the first step, the ALJ determined that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms[.]" Tr. 26. In reaching this conclusion, the ALJ acknowledged Plaintiff's endorsement of depressed mood and restricted thought processes at different examinations between April 2020 and September 2023. *Id.* at 29-30. The ALJ also recognized Plaintiff's endorsement of restrictions in her attention and concentration. *Id.* at 25-26, 30. The ALJ further observed a medical opinion endorsing Plaintiff's difficulty concentrating, irritability, depression, and anxiety. *Id.* at 30-31. At the second step however, the ALJ concluded that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record . . . because they are out of proportion to the majority of the mental status findings, with the conservative nature of the treatment required, and with her ability to live alone and take [care] of her personal needs." *Id.* at 27.

The ALJ discounted Plaintiff's subjective complaints in part because her "symptoms, at most appointments, were not as severe as alleged at the hearing," and her "providers, considering contemporaneously presented signs and her symptoms at appointments, concluded in most cases that Plaintiff warranted generally fair or better mental status examination findings." *Id.* The ALJ "considered the objective medical evidence . . ., which consistently [found] memory, judgment, and concentration intact in the vast majority of objective mental status examinations based on, and in some cases, despite [Plaintiff]'s presenting symptoms at those appointments." *Id.* at 31. To be sure, the ALJ noted that at most, if not all, of her examinations, Plaintiff presented with normal concentration and attention and no distractibility. *See id.* at 29-30. The ALJ observed numerous occasions where Plaintiff presented with a happy mood and normal thought processes. *See id.* The ALJ further noted Plaintiff's conservative treatment and reports of improvement. *See id.* Moreover, the ALJ listed Plaintiff's daily activities like living alone, taking care of her personal needs, and seeking and obtaining medical and mental health care treatment. *Id.* at 32. This represents an adequate analysis of Plaintiff's subjective complaints.[6] Therefore, Plaintiff's invitation to remand on this basis is declined.

---

[6] Plaintiff does not cite to any statute or case law declaring as harmful error an ALJ's decision to find symptom testimony provided at a later hearing less credible than testimony provided during the relevant disability period. In fact, it is axiomatic that the federal courts "do not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for the ALJ's" so long as the ALJ applies the factors and principles required by law. *Drumgold v. Comm'r of Soc. Sec.*, 144 F.4th 596, 605 (4th Cir. 2025); *see also Fiske v. Astrue*, 476 Fed. App'x 526, 527 (4th Cir. 2012) ("This court does not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; '[w]here conflicting evidence allows reasonable minds to differ,' we defer to the Commissioner's decision." (quoting *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam)). The ALJ found Plaintiff's hearing symptom testimony less credible because it was "presented later in time, for a purpose other than medical treatment, and in most cases not consistent with the symptoms" provided during the relevant period. Tr. 31 (cleaned up). The Court will not disturb this finding.

*Michelle M. v. Bisignano*
Civil No. 24-1959-CDA
September 29, 2025
Page 7

\*       \*       \*

The ALJ's reliance on substantial evidence and a robust discussion of Plaintiff's record in assessing the RFC permits meaningful review for the reasons explained above.  A reasonable mind could accept the evidence provided as sufficient to support the ALJ's conclusion.  *See Laws*, 368 F.2d at 642.  That being the case, Plaintiff's disagreements with the ALJ's conclusions are not enough to reverse the Commissioner's decision.  *Drumgold*, 144 F.4th at 605.  Accordingly, remand is unwarranted.

## V.    **CONCLUSION**

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is AFFIRMED.  The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion.  A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge