# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

September 4, 2026

LETTER TO ALL COUNSEL OF RECORD

Re: *Michelle M. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
Civil No. 24-1959-CDA

Dear Counsel:

Pursuant to Local Rule 105.10, Plaintiff Michelle M. ("Plaintiff") filed a Motion to Reconsider ("Motion") the Court's September 29, 2025 Memorandum Opinion and Order (the "September 29, 2025 Decision") affirming the Social Security Administration's ("SSA's" or "Defendant's" or "Commissioner's") judgment and closing this case. *See* ECF 16. Defendant did not file a response in opposition. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons explained below, the Court will DENY Plaintiff's Motion to Reconsider.

The Court's review of an ALJ's decision is limited to determining whether substantial evidence supports the ALJ's findings, *see* 42 U.S.C. § 405(g), and whether the ALJ properly applied the relevant legal standards, *see Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). When deciding whether to reconsider its affirmance of an ALJ's decision under Local Rule 105.10, the Court uses the standard relevant to motions for reconsideration brought under Federal Rule 59(e). *See Crocetti v. Comm'r, Soc. Sec. Admin.*, No. SAG-17-1122, 2018 WL 3973074, at *1 (D. Md. Aug. 1, 2018). Under 59(e), the Court may amend a prior decision if: (1) there has been an intervening change of controlling law; (2) new evidence has become available; or (3) "there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 407 (4th Cir. 2010). "The grounds for reconsideration are purposefully narrow to prevent the motion from being used to ask the Court to rethink what the Court had already thought through—rightly or wrongly." *Crocetti*, 2018 WL 3973074, at *1 (internal citation omitted). The first two criteria are inapplicable here, and Plaintiff fails to satisfy the third criteria.

Plaintiff avers that the Court's September 29, 2025 Decision misapprehends controlling precedent and the applicable regulations, thus "reconsideration is warranted to correct clear errors of law and prevent manifest injustice. ECF 16, at 1. Specifically, Plaintiff argues that "the Court misapprehended *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015) and *Shinaberry v. Saul*, 952 F.3d 113 (4th Cir. 2020) by accepting an RFC that limits only task complexity and by endorsing a symptom-evaluation rationale that conflicts with SSR 16-3p and Fourth Circuit Authority,

[1] Plaintiff filed this case against Martin O'Malley, the Commissioner of Social Security, on April 3, 2024. ECF 1. Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, the Court substitutes Commissioner Bisignano as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

including *Oakes v. Kijakazi*, 70 F.4th 207 (4th Cir. 2023) and *Arakas v. Comm'r*, 983 F.3d 83 (4th Cir. 2020)." *Id.* at 1-2. For the reasons explained below, the Court disagrees with Plaintiff's position and finds reconsideration unwarranted.

Plaintiff argues that "[t]he ALJ found that Plaintiff has a moderate limitation in concentration, persistence, or pace ('CPP') yet adopted an RFC that contains no on-task or pace-related safeguard despite binding precedent that prohibits such omissions without a reasoned and evidence-based explanation." She avers that the ALJ did not provide the necessary explanation to support the RFC; "[i]nstead, the decision equated reduced task complexity with adequate pace, without citing any medical or vocational evidence to support the substitution." According to Plaintiff, "[u]nder *Mascio*, a restriction to 'simple, routine tasks' does not account for moderate CPP limitations absent a narrative justification connecting the record to the ability to sustain work pace." Additionally, "*Shinaberry* reaffirms this principle, holding that simple-work limitations are sufficient only where the evidence shows the claimant can maintain persistence and pace over a full work day."

As explained in the September 29, 2025 Decision, "although the ALJ did not assess Plaintiff's exertional capabilities on a function-by-function basis, their assessment does not warrant remand." September 29, 2025 Decision, at 3. This is because, despite not having a function-by-function analysis, the ALJ's review and explanation was adequate, allowing full consideration of the Plaintiff's allegations, the medical evidence, medical opinions and other evidence of record to fully account for the moderate limitation in CPP. *Id.* As noted in the decision, "*Mascio* does not broadly dictate that a claimant's moderate impairment in [CPP] always translates into a limitation in the RFC." September 29, 2025 Decision, at 4 (quoting *Jones v. Colvin*, No. 14-0273, 2025 WL 5056784, at *10 (W.D. Va Aug. 20, 2015)). I found that the ALJ conducted a thorough evaluation of the evidence, weighing, among other things, medical records, treatment records, subjective complaints and reports of improvement. *Id.* As such, the ALJ relied on substantial evidence and provided a robust discussion of the record to permit meaningful review of the ALJ's decision.

"This court does not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; '[w]here conflicting evidence allows reasonable minds to differ,' we defer to the Commissioner's decision." *Fiske v. Astrue*, 476 F. App'x 526, 527 (4th Cir. 2012) (quoting *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam)). That Plaintiff's interpretation of the evidence differs from that of the ALJ (and this Court when reviewing with a substantial evidence standard) does not provide a basis for disturbing the September 29, 2025 Decision. This case is one where Plaintiff asks the Court to "rethink what the Court had already thought through–rightly or wrongly," an improper basis for reconsideration. *Crocetti*, 2018 WL 3973074, at *1. As such, the Motion fails to establish that reconsideration is necessary to "correct a clear error or to prevent manifest injustice." *Robinson*, 599 F.3d at 411.

For the foregoing reasons, Plaintiff's Motion to Reconsider, ECF 16, is DENIED. Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion and docketed as an Order.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge